UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMPSON WON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | Case No. 26-cv-03205-TSH<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 20 |

## I.  INTRODUCTION

Plaintiff Thompson Won filed suit against Defendants Wells Fargo Bank, N.A. ("Wells"), Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), and National Default Servicing Corp. ("NDSC") (collectively, "Defendants"), alleging Defendants wrongfully foreclosed on Won's property.  ECF No. 1-1.  Pending before the Court is Won's Motion for Preliminary Injunction.  ECF No. 20 ("Mot.").  The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the June 11, 2026, hearing.  For the reasons stated below, the Court **DENIES** the motion.[1]

## II.  BACKGROUND

**A.  Factual Background**

Won is the owner of real property, located in San Francisco, California, that is the subject of this dispute (the "Property").[2]  Compl. ¶ 1 (ECF No. 1-1).  Won has occupied the Property as

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 11-2, 17, 19, 35.

[2] Won filed a verified complaint.  *See* Compl. at 8.  As such, the Court treats Won's Complaint as evidence in ruling on Shellpoint's Motion.  *Contra Orozco v. Shellpoint Mortg. Servicing*, No. 25-cv-10279-PCP, 2025 WL 3755742, at *2 (N.D. Cal. Dec. 29, 2025) ("Because [plaintiff's]

his primary residence for more than twenty years. *Id.* ¶ 7. Defendant Wells "is the original lender and lienholder against the Property." *Id.* ¶ 2. Defendant Shellpoint "is allegedly an assignee of the Deed of Trust and a subsequent lienholder." *Id.* ¶ 3. Defendant NDSC "is allegedly a Trustee who caused the foreclosure sale of the Property." *Id.* ¶ 4.

Overall, Won alleges that because Defendants committed misconduct when they conducted a non-judicial foreclosure of his Property, the foreclosure and instruments related to foreclosure are defective. *Id.* ¶¶ 11, 13–14, 17–18, 22, 26–28, 32–33, 44.

The Property at issue is a residential real estate property located at 7315 Geary Blvd., San Francisco, California. *Id.* ¶ 1; Declaration of Yekaterina Boltenkov ("Shellpoint Decl.") ¶ 7 (ECF No. 34). Won owns the Property, has occupied the Property as his primary residence for over twenty years, and currently lives there with his wife and daughter. Compl. ¶ 7.

Won and his mother, Bao Feng Won, purchased the Property on June 23, 2003.[3] *Id.* ¶ 8. Won and his mother entered into a Deed of Trust ("DOT") with Wells, as lender, and Fidelity National Title Insurance Co., as trustee, where Won and his mother mortgaged the Property against a note in the amount of $575,000.00. *Id.*; Shellpoint Decl. ¶ 7; *see* Compl., Ex. A (DOT) (ECF No. 1-1 at 11). Wells recorded the DOT with the San Francisco County Recorder's Office on July 9, 2003. Compl. ¶ 8.

On April 11, 2025, Wells assigned the DOT rights to Shellpoint and recorded the Assignment of Deed of Trust with the county's recorder office. *Id.* ¶ 11; Shellpoint Decl. ¶ 15; *see* Compl., Ex. B ("Assignment of DOT") (ECF No. 1-1 at 32). On August 12, 2025, NDSC recorded a Notice of Default ("NOD") for an unpaid balance of $65,144.77. Compl. ¶ 12; Shellpoint Decl. ¶ 18; Declaration of Olivia A. Todd ("NDSC Decl.") ¶ 6 (ECF No. 33). Shellpoint attached a declaration to the NOD regarding the mortgage servicer's due diligence. Compl. ¶ 12; *see* Compl., Ex. C (NOD) (ECF No. 1-1 at 34).

---

complaint is unverified, however, it cannot be considered as evidence."); *see also Moran v. Selig*, 447 F.3d 748, 759 n.16 (9th Cir. 2006) ("[A] verified complaint may serve as an affidavit for purposes of summary judgment if it is based on personal knowledge and if it sets forth the requisite facts with specificity.").

[3] Won's mother died in 2012. Compl. ¶ 8.

United States District Court
Northern District of California

United States District Court
Northern District of California

On January 5, 2026, NDSC recorded a Notice of Trustee's Sale ("NOTS") with a sale date of February 4, 2026, for the unpaid balances and charges of $272,221.33. Compl. ¶ 17; Shellpoint Decl. ¶ 21; NDSC Decl. ¶ 8; *see* Compl., Ex. E (NOTS) (ECF No. 1-1 at 43). On February 4, 2026, "someone approached [Won] at his Property regarding an auction." Compl. ¶ 18.

A public auction was held on February 4, 2026. *Id.*; Shellpoint Decl. ¶ 25; NDSC Decl. ¶ 11. The Property "was sold to a third party as the high bidder." NDSC Decl. ¶ 11. After

> NDSC complied with the post-sale bidding requirements set forth in Civil Code section 2924m, the Trustee's Deed Upon Sale was mailed to the successful third-party bidder on March 26, 2026, and funds were disbursed, thereby finalizing the sale. To date, it is unclear if the Trustee's Deed Upon Sale has been recorded.

*Id.*

Won avers that if he loses the Property, he will "suffer severe and irreparable harm" including the loss of his family residence, displacement of his family, and loss of substantial equity accumulated over more than two decades. Declaration of Thompson Won ("Won Decl.") ¶¶ 12–13 (ECF No. 20-1). Won requests the Court "issue a preliminary injunction to prevent Defendants from transferring title, recording a trustee's deed upon sale, or taking any action to evict [him] or otherwise interfere with [his] possession of the Property while this case is pending." *Id.* ¶ 15.

**B.    Procedural Background**

On March 9, 2026, Won filed this action against Defendants Wells, Shellpoint, NDSC, and Does 1–20 in San Francisco County Superior Court, Case No. CGC-26-634770. Not. of Removal, Ex. A ("Compl.") (ECF No. 1-1). Won alleges six causes of action: (1) Wrongful Foreclosure (against all Defendants); (2) Breach of Contract (against all Defendants); (3) Cancellation of Instruments (against all Defendants); (4) Declaratory Relief (Cal. Civ. Pro. Code. § 1060) (against all Defendants); (5) Quiet Title (Cal. Civ. Pro. Code §§ 760.010 et seq.) (against all Defendants); and (6) Violation of Cal. Civ. Code § 2923.55 (against Shellpoint). Compl. ¶¶ 21–47. Won seeks damages, declaratory and injunctive relief, and cancellation and quashing of registered Notice of Default and documents related to the foreclosure sale of the Property. *Id.* at 7–8.

On April 15, 2026, Defendants removed the case to the Northern District of California.

3

ECF No. 1 ("Not. of Removal").  Defendants allege the Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *Id.* at 3–5.  On April 22, 2026, Wells filed an answer to the Complaint.  ECF No. 9.

On April 22, 2026, Shellpoint filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 12.  The Court granted in part and denied in part Shellpoint's motion to dismiss.  ECF No. 46.

On April 29, 2026, Won filed the instant Motion for Preliminary Injunction.  ECF No. 20 ("Mot.").  Won requests the Court enjoin Defendants from taking any action related to the Property.  Mot. at 6.  On May 13, 2026, Shellpoint filed an Opposition.  ECF No. 32 ("Shellpoint Opp.").  That same day, Wells also filed an Opposition.  ECF No. 36 ("Wells Opp.").

### III.    LEGAL STANDARD

The Federal Rules of Civil Procedure authorize federal courts to issue preliminary injunctions.  Fed. R. Civ. P. 65.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20.  Alternatively, the Ninth Circuit "has adopted the 'serious questions' test—a sliding scale variant of the *Winter* test—under which a party is entitled to a preliminary injunction if it demonstrates (1) serious questions going to the merits, (2) a likelihood of irreparable injury, (3) a balance of hardships that tips sharply towards the plaintiff, and (4) the injunction is in the public interest."  *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (cleaned up).  "Serious questions are ones that cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation."  *Id.* at 1192 (cleaned up).  "They need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits."  *Id.* (cleaned up).

### IV.    DISCUSSION

Won "seeks an order enjoining Defendants from recording any trustee's deed upon sale or

United States District Court
Northern District of California

United States District Court
Northern District of California

any other document affecting title to" the Property, "and from selling, transferring, encumbering, or otherwise interfering with [Won's] possessory interest in the Property pending final resolution of this action." Mot. at 2; *see also* Compl. at 8 (requesting "preliminary and permanent injunctive relief against the eviction process pursuant to the foreclosure sale"). Shellpoint requests (1) the Court deny the Motion; and (2) require Won "to post a bond for the payoff amount" should the Court grant Won's Motion. Shellpoint Opp. at 2–3. Wells "does not take a position on the Motion" and requests that any injunction not be directed at Wells because it "has no interest in the loan or the Property at this time." Wells Opp. at 2.

To obtain injunctive relief, a party "must show that he or she has no adequate remedy at law and that denial of the relief sought would cause immediate, irreparable injury." *Sundance Land Corp. v. Comty. First Federal Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988).

Here, Won asserts that he will suffer irreparable harm if Defendants are not enjoined because "title to the Property may be transferred to third parties, eviction proceedings may be initiated, and [Won] will permanently lose both possession of his home and substantial accumulated equity." Mot. at 4:27–5:7; Won Decl. ¶¶ 12–13. Further, Won states "Defendants are in the process of recording Trustee's Deed Upon Sale and proceed [*sic*] with the unlawful detainer litigation." Mot. at 5:5–7; Won Decl. ¶ 15. Shellpoint argues that the requested injunction is moot because the foreclosure sale was finalized, and "there is no basis to prevent the third party purchaser from simply recording the trustee's deed upon sale." Shellpoint Opp. at 6:5–26.

The Court concludes that Won has not established that he will suffer irreparable harm absent a preliminary injunction. To be sure, because the Property is Won's home, it is unique, and damages are an inadequate remedy. *Sundance*, 840 F.2d 653 at 661–62; *see Jackmon v. Am.'s Servicing Co.*, No. C-11-03884-CRB, 2011 WL 3667478, at *3 (N.D. Cal. Aug. 22, 2011) ("It is undisputed that plaintiffs are harmed if they are evicted from their homes or undergo a foreclosure sale."). But Won must also show that he faces imminent harm absent an injunction, not harm that is merely speculative. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a

United States District Court
Northern District of California

preliminary injunction."); *accord Orozco*, 2025 WL 3755742, at \*2.  Won asserts that Defendants *may* take action to transfer title to the Property and evict him, but he does not describe with specificity these potential harms.  Mot. at 4:27–5:7.  This is insufficient to justify injunctive relief. *Cf. Orozco*, 2025 WL 3755742, at \*2 (concluding plaintiff does not demonstrate that he "faces imminent eviction or other irreparable harm"); *contra Jackmon*, 2011 WL 3667478, at \*3 (concluding plaintiff will suffer irreparable harm if eviction proceedings are commenced and that harm is imminent as defendants state "that they are in the process of preparing the eviction complaint").  Moreover, Won does not dispute that the foreclosure process has concluded and that the Trustee's Deed Upon Sale was mailed to the successful third-party bidder.  NDSC Decl. ¶ 11. Yet Won does not explain how an injunction against Wells, Shellpoint, or NDSC will prevent the third-party bidder (who is not named in the Complaint) from recording the deed or commencing eviction proceedings against Won; nor does Won allege that any named Defendant will take such action.  Therefore, because Won fails to show that any conduct threatened by *Defendants* warrants injunctive relief, he fails to make the necessary showing of irreparable harm required to obtain a preliminary injunction against Defendants.  *Cf. Greene v. U.S. Bank, N.A. as Tr. for Truman 2016 SC6 Title Tr.*, No. 19-cv-07448-RS, 2019 WL 8263431, at \*1 (N.D. Cal. Nov. 18, 2019) (denying injunction where "foreclosure sale has already taken place" and no judgment of eviction has been rendered).

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES** Won's Motion for Preliminary Injunction.

**IT IS SO ORDERED.**

Dated: June 1, 2026

THOMAS S. HIXSON
United States Magistrate Judge

6